Ronald Cupp
150 Raley Town Center Ste 2512
Rohnert Park, California [94928]
Telephone: (707) 318-9929
Plaintiff in Pro Se

FILED

MAY 21 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

CV20    CASE NO:    3456    JCS

Ronald Cupp

    Plaintiff,

    vs.

ANDREW SMITH, Individually;
MARGARET WILLETT, Individually;
TYRA HARRINGTON, Individually;
MARK FRANCESCHI, Individually;
TENNIS WICK, Individually;
COUNTY OF SONOMA;
DOES 1-10

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

VERIFIED COMPLAINT FOR DAMAGES
CIVIL RIGHTS VIOLATIONS
1. U.S.C. TITLE 42 §1983, Unlawful search
2. U.S.C. TITLE 42 §1983, Due Process
3. U.S.C. TITLE 42 §1985, Conspiracy
4. U.S.C. TITLE 42 §1986, Neglect to Prevent
5. TRESSPASS
6. LAND PATENT INFRINGEMENT
7. SLANDER OF TITLE
8. EXCESSIVE FINES

DEMAND FOR TRIAL BY JURY

## INTRODUCTION AND OPENING STATEMENT

Plaintiff Ronald Cupp, in this Court of Record, complains as follows:

This is an action brought by Plaintiff against State Officials acting under the color of Law for civil rights violations involving unlawful search, violation of due process, trespass, conspiracy, land patent infringement and slander of title. At the conclusion Cupp requires declaratory and injunctive relief.

At all times relevant herein the Defendants or their agents working in concert, and outside the scope of their jurisdiction and authority, willfully caused Plaintiff a damage and financial injury, and in so doing, violated clearly established law, as those laws apply to Plaintiff's rights protected under the Constitution.

## I.    JURISDICTION AND VENUE

1.    Plaintiff brings this action pursuant to, and jurisdiction of this Court arises under Title 42 USC sections §1983, §1985, §1986 and §1988, and the Civil Rights Act of 1870;  and invokes the jurisdiction of this court pursuant to Title 28 USC Section §1343 (A)(3)(4), Section §1331 (Federal Question), and supplemental jurisdiction exists for the state law claims pursuant to 28 USC  §1367 , Jurisdiction arises under Cal. Civ. Pro. §410.10.

2.    Venue is proper pursuant to 28 U.S.C. §1391b and Cal. Civ. Pro. §395(a). Venue in this District is proper in that the Plaintiff resides here, the Defendants are employed and transact business here, and the conduct complained of occurred here.

## II.    PARTIES

3.    Plaintiff Ronald Cupp, herein after "CUPP" or "PLAINITFF", at all times relevant herein, lived at 4640 Arlington Avenue, Santa Rosa, Sonoma County, California; and has lived in Sonoma County since 1987. Mailing address is 150 Raley Town Center, Suite 2512, Rohnert Park, CA 94928.

4.     Defendant Andrew Smith, Sonoma County Code Enforcement Inspector II, herein after "SMITH", at all times relevant to this compliant was the Code Inspector employed by the County of Sonoma, California. SMITH is being sued individually and in his official capacity.

5.     Defendant Margaret Willett, Sonoma County Code Enforcement, herein after "WILLETT", at all times relevant to this compliant was the Code Inspector employed by the County of Sonoma, California; and is being sued individually and in her official capacity.

6.     Defendant Tyra Harrington, Sonoma County Code Enforcement Manager, herein after "HARRINGTON", at all times relevant to this compliant was the Code Enforcement Manager employed by the County of Sonoma, California; and is being sued individually and in her official capacity.

7.     Defendant Mark Franceschi, Sonoma County Code Enforcement Supervisor, herein after "FRANCESCHI", at all times relevant to this compliant was the Code Enforcement Supervisor employed by the County of Sonoma, California. FRANCESCHI is being sued individually and in his official capacity.

8.     Defendant Tennis Wick, Sonoma County Permit & Resource Management Director, herein after "WICK", at all times relevant to this compliant was the Permit & Resource Management Director employed by the County of Sonoma, California; and is being sued individually and in his official capacity.

9.     Defendant County of Sonoma California, herein after COUNTY, is a quasi-judicial corporation within the State of California, located at 575 Administration Drive, Santa Rosa, CA 95403. The County is being sued as a person.

10.    At all times relevant hereto, defendants "DOES 1-10" are unknown persons who have either created policy or custom and managed, ordered, controlled, or neglected to restrain or

correct the Defendants herein from committing said civil rights violations complained herein. These Defendants will be identified as their names and addresses become known to the CUPP.

11. At all times relevant to this complaint Defendant COUNTY either directly or indirectly trained, controlled, made policy for, employed, supervised, compensated, enriched, or rewarded and ratified some or all of the other defendants for their actions on February 15, 2019 and thereafter.

12. At all times relevant hereto Defendants SMITH, WILLETT, HARRINGTON, FRANCESCHI, WICK and DOES 1-10 were compensated, enriched, and rewarded as Government Officers by the quasi-judicial corporation or municipality of COUNTY.

13. At all relevant times Defendants were acting in such capacity as the agent, servant, and employee of Defendant COUNTY. These Defendants work out of 2550 Ventura Avenue, Santa Rosa, CA 95403 and are believed to be a resident of Sonoma County, California.

14. At all times relevant hereto and in all their actions described herein Defendants SMITH, WILLETT, HARRINGTON, FRANCESCHI, WICK, COUNTY, and DOES 1-10 were acting under color of law and pursuant to their authority as Permit and Resource Management personnel or government actors and public officials or agents of other Defendants at the time they violated CUPPs federal constitutional protections. .

### III.    PLAIN SIMPLE STATEMENT OF FACTS

15. CUPP Purchased the land in 1989, via Grant Deed.

16. CUPP is sovereign, one of the people of California.

17. The subject land is protected under US land patent.

18. In 2009 CUPP posted No Trespassing signs and in 2012 Posted Certified Copy of BLM Land Patent, Notices and CUPPs Affidavit of Status; claiming CUPPs rights under law.

19.    On April 18, 2013 CUPP notified (COUNTY) Sonoma County Board of Supervisors, Sonoma County Sheriff, and others of CUPPs claim of Land Patent rights and demanded a timely response. CUPP never received any response.

20.    On February 15, 2019, SMITH of the Sonoma County code enforcement trespassed on CUPPs land, without consent.

21.    On February 15, 2019 SMITH of the Sonoma County code enforcement searched CUPPs land and houses; without a warrant, exigent circumstances or probable cause.

22.    On February 15, 2019 SMITH of the Sonoma County code enforcement violated California Health and Safety Code 17972 by entering land and property without written order.

23.    SMITH issued citations and left.

24.    The last paragraph on the citations stated "If you do not timely appeal this notice and order, you will lose your rights to an administrative hearing and adjudication of this matter."

25.    On February 20, 2019 CUPP timely responded with correspondence and asked for a hearing and an appeal of his citations.

26.    CUPP has continually attempted (thru the filing of this suit) to have a hearing and/or appeal to his citation as part of CUPPs due process rights.

27.    On April 19, 2019 a NOTICE "CIVIL PENALTIES DUE AND PAYABLE" from Defendant SMITH to CUPP demanding $17,010.00 plus $90.00 per day for one citation and $5,670.00 plus $90.00 per day for the second citation.

28.    Thereby ***DAMAGES IN THIS SUIT*** are calculated by Defendants demanding $22,680.00 and $180.00 per day thereafter from April 20, 2019; thru May 15, 2020 is 391 days totaling **$93,060.00.**

29.    This is excessive fines in violation of CUPPs Eighth Amendment protection.

30.     On June 13, 2019 a NOTICE OF ABATEMENT PROCEEDINGS was filed against CUPPs title and his land; and recorded in Sonoma County Recorder's Office Doc# 2019039697 by WILLETT for HARRINGTON, including her boss's FRANCESCHI, WICK and their superiors COUNTY.

31.     Defendant's actions amount to and constitute a taking without compensation in violation of CUPPs constitutional protections.

32.     Defendant's actions damaged and reduced CUPP's land value by $93, 060.00.

33.     Defendants, and all of them, worked in concert by having WILLETT and HARRINGTON file documents in Recorders Office without CUPP having a hearing or appeal.

34.     CUPP has exhausted his administrative remedies, to the best of his abilities, to no avail; and is forced to file this suit for his remedy and attempt to undue defendant's actions.

35.     CUPP timely filed a governmental tort claim with COUNTY.

36.     CUPP's damage was caused by Defendants filing the Notice of Abatement on June 13, 2019; CUPP filed his CLAIM AGAINST COUNTY OF SONOMA on October 23, 2019.

37.     Defendants, and all of them, work in the same office, are copied on all CUPPs correspondence, Notices and Postings, and in the normal course of business discuss this and other similar cases on a daily basis.

38.     Defendants, and all of them, take direction from Superiors for their daily and weekly actions, schedules and to notifying and reporting back to the Superiors above them in the chain of command of what did or did not happen in the field based on the directives from Supervisors. CUPP has noticed each and every defendant except WILLETT who takes direction from HARRINGTON, FRANCESCHI and WICK.

39.     Defendants, and all of them, have consulted with each other, worked together in the same office.

40.     Defendants are each aware that CUPP has demanded Appeal of and Hearing on the citations, and all have ignored or denied a hearing violating due process owing to CUPP.

41.     CUPP has not received substantive or procedural due process from all Defendants in violation of CUPPs constitutional protections.

42.     Defendants all watched, assisted or acted in concert in Defendants refusal to assist CUPP with his due process protections.

43.     Violation of the Equal Protection and due process were willful and intentional.

44.     Defendants acted without authority, in excess of their jurisdiction, and beyond the scope of their powers, and in concert to deprive CUPP of his protections.

45.     Further Defendants continued to violate CUPPs constitutional protections and violating his protections of his land patent; filing slanderous documents against CUPP extorting money and funds.

46.     All Defendants were ignoring their oaths to CUPPs rights to appeal and hearings.

47.     COUNTY, by and thru its employees, working in concert and against land and home owners, are charging land owners with such large erroneous and exorbitant fines in an attempt to burden or take land owners property or extort excessive fines for punitive and income producing reasons.

48.     This is in violation of the Eighth Amendment of our Constitution.

49.     SMITH is the person who directly is responsible for the unlawful search, violation of due process, trespass, violation of CUPPs equal protection and Health and Safety Code 17972.

50.    SMITH, WILLETT for HARRINGTON under FRANCESCHI are the persons who directly are responsible for violating CUPPs due process by filing slanderous documents on his land and denying CUPP his appeal and hearing.

51.    COUNTY is ultimately responsible due to custom and policy of its Officers, agents and employees; whom they train and supervise.

52.    Defendant COUNTY as a policy or custom neglected to train, supervise, control, correct the abuse of authority, or discourage the unlawful use of authority of the Defendant Permit and Resource Management officers and agents.

53.    The failure to train Defendant Officers included the failure to instruct them in applicable provisions of the United States Constitution and applicable California statutes and law dealing in use of unlawful trespass, unlawful search and seizure, due process, equal protection of citizens, California Health and Safety Code 17972, resulting in the use of County Permit and Resource Management Department officers to attack land and home owners with civil process.

54.    Defendant County has created a policy and custom and promotes a policy or custom to act in concert with the other Defendants herein to violate CUPPs rights; and Defendant Permit and Resource Management officers acted with total disregard for CUPPs rights under clearly established law.

55.    CUPP had reasonable expectation that defendants would not violate his 4th amendment protection and search his land and houses; would not violate his 8th amendment protection and charge excessive fines; would not violate due process and slander his title.

56.    Defendant WICK, second highest policy maker, has not admonished or reprimanded Defendants SMITH, WILLETT, HARRINGTON OR FRANCESCHI for their actions; thereby ratifying their behavior and creating a custom and practice of their behavior.

1    57.    Defendant COUNTY, the policy maker, has not admonished or reprimanded

2    Defendants WICK, SMITH, WILLETT, HARRINGTON OR FRANCESCHI for their actions;

3    thereby ratifying their behavior and creating a custom and practice of their behavior.

4    ### IV.    FEDERAL AND STATE CAUSES OF ACTION

5
6    **FIRST CAUSE OF ACTION**
**VIOLATION OF TITLE 42 § 1983-UNLAWFUL SEARCH**
7    **VIOLATION OF CIVIL RIGHTS**
**AS TO DEFENDANT SMITH**

8
9    **58.**    Cupp re-alleges and incorporates by reference the facts and allegations contained

10   in the Paragraphs above as though fully set forth herein.

11   **59.**    SMITH is a state actor acting under color of law, and has sworn an oath of office

12   to support and defend the Constitution of the United States and the State of California.

13
14   **60.**    Article 4 of the Bill of Rights states there will be so search without a warrant

15   unless based upon probable cause supported by oath or affirmation.

16   61.    SMITH violated California Health and Safety Code 17972 by entering land and

17   property without written order.

18   **62.**    SMITH violated his oath when he unlawfully searched CUPPs land and houses

19   without consent, a search warrant or exigent circumstances.

20
21   63.    SMITH knew or should have known he was violating CUPPs constitutional

22   protections that he swore his oath to protect and defend.

23   **64.**    SMITHs actions were willful and intentional, he acted in bad faith, wantonly,

24   recklessly, maliciously, and "in concert" with additional state officers and agents showing a

25
26   deliberate indifference towards CUPP and CUPP s rights protected, and guaranteed by the

27   Constitution, with the direct intent and sole purpose of injuring, humiliating, vexing, oppressing,

28

and causing mental anguish to Cupp, by the reason of which Cupp is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION
### VIOLATION OF TITLE 42 § 1983-VIOLATION OF DUE PROCESS
### VIOLATION OF CIVIL RIGHTS
### AS TO DEFENDANTS SMITH, WILLETT, HARRINGTON, FRANCESCHI, WICK

65.    Cupp re-alleges and incorporates by reference the facts and allegations contained in the Paragraphs above as though fully set forth herein.

66.    SMITH, WILLETT, HARRINGTON, FRANCESCHI, and WICK are state actors acting under color of law, and has sworn an oath of office to support and defend the Constitution of the United States and the State of California.

67.    SMITH, WILLETT, HARRINGTON, FRANCESCHI, and WICK knew of CUPPs request for an appeal or his hearing for due process regarding the citations SMITH caused, and denied CUPP.

68.    Article 5 and 14 of the Bill of Rights states there are procedural and substantive due process as Constitutional protections.

69.    SMITH, WILLETT, HARRINGTON, FRANCESCHI, and WICK violated their oath when they denied CUPP his appeal and/or hearing and filed slanderous documents against CUPPs land and title.

70.    The slanderous documents filed against CUPP are a damage to CUPP of $93,060.

71.    SMITH, WILLETT, HARRINGTON, FRANCESCHI, and WICK knew or should have known they were violating CUPPs constitutional protections that they swore an oath to protect and defend.

72.    SMITH, WILLETT, HARRINGTON, FRANCESCHI, and WICKs actions were willful and intentional, they acted in bad faith, wantonly, recklessly, maliciously, and "in

concert" with additional state officers and agents showing a deliberate indifference towards

CUPP and CUPP s rights protected, and guaranteed by the Constitution, with the direct intent

and sole purpose of injuring, humiliating, vexing, oppressing, and causing mental anguish to

Cupp, by the reason of which Cupp is entitled to an award of punitive damages.

**THIRD CAUSE OF ACTION**
**VIOLATION OF TITLE 42 § 1985**
**CONSPIRACY**
**AS TO ALL DEFENDANTS**

73.     CUPP re-alleges and incorporates by reference the facts and allegations contained

in the Paragraphs above as though fully set forth herein.

74.     CUPP being denied his appeal and hearing deprived him of equal protection and

procedural and substantive due process, the final act in furtherance of conspiracy, and injury

constituting deprivation of rights resulting therefrom.

75.     All of the Defendants, at all times herein relevant, acted in bad faith, wantonly,

recklessly, willfully, maliciously, and "in concert" with additional state officers showing a

deliberate indifference towards CUPP and CUPPs rights protected, and guaranteed by the

Constitution, with the direct intent and sole purpose of injuring, humiliating, vexing, oppressing,

and causing mental anguish to CUPP, by the reason for which CUPP is entitled to an award of

punitive damages.

76.     As a proximate and direct result of the actions of the Defendants herein, CUPPs

rights were knowingly violated in direct violation of clearly established Federal law.

77.     CUPP further alleges that Defendants, and all of them, knew or should have

known that CUPP had protected due process and hearing rights by filing the responses and

requests for appeal and hearing, yet ALL Defendants intentionally and willfully failed to reveal

this fact.

78.     Each Defendant was aware of the actions of all Defendants and working in concert conspired against CUPP. CUPP is entitled to judgment damages for conspiracy and damages caused by all defendants.

79.     All the Defendant's conduct and actions were done in concert with each Defendant, knowingly, willfully, and with malicious intent, and CUPP is entitled to punitive damages.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF TITLE 42 § 1986**
**NEGLECT TO PREVENT DAMAGE**
**AS TO ALL DEFENDANTS**

80.     CUPP re-alleges and incorporates by reference the facts and allegations contained in the Paragraphs above as though fully set forth herein.

81.     CUPP further alleges that ALL Defendants knew or should have known that CUPP had protected due process and hearing rights by filing, corresponding, and noticing the request for appeal and hearing, yet ALL Defendants intentionally, knowingly and willfully failed to acknowledge this fact.

82.     CUPP further alleges that ALL Defendants knew or should have known that CUPP had protected due process rights and neglected to prevent damage to CUPP.

83.     CUPP further alleges that ALL Defendants knew or should have known that SMITH, WILLETT and HARRINGTON under the direction of FRANCESCHI were going to file the Abatement against CUPPs land and title, thereby slandering it, and they each had a duty and obligation to stop it. All Defendants neglected to prevent damage to CUPP.

84.     Section §1986 allows a cause of action against a party who had knowledge of §1985 conspiracy, had power to prevent it, and then failed to do so.

85.     During the course of the proceedings, All Defendants had the knowledge and power to stop the actions of the conspiracy or other parties acting in concert.

86.     Each Defendant had a duty and obligation to stop the wrongdoings of all the other Defendants, and failed to do so.

87.     Each Defendant (except FRANCESCHI) took an oath to support and defend the US Constitution and the California Constitution, which they perjured their oaths.

88.     All the Defendant's conduct and actions were done in concert with each Defendant, knowingly, willfully, intentionally and with malicious intent, and CUPP is entitled to general damages and punitive damages.

### FIFTH CAUSE OF ACTION
### TRESPASS
### AS TO DEFENDANTS SMITH, WILLETT, HARRINGTON, FANCESCHI

89.     CUPP re-alleges and incorporates by reference the facts and allegations contained in the Paragraphs above as though fully set forth herein.

90.     CUPP has owned the land since 1989.

91.     SMITH knowingly, willfully and intentionally, entered thru the posted No Trespassing fences with signs, searched the property and house without consent or a warrant.

92.     SMITH violated California Health and Safety Code 17972 by entering land and property without written order.

93.     All Defendants knew or should have known Defendants SMITH, WILLETT and HARRINGTON, under direction of FRANCESCHI were going to file the Notice of Abatement, and they proceeded knowingly, willfully and intentionally, as a matter of normal practice in their everyday extortion scheme.

94.    CUPP was harmed by SMITH, WILLETT, HARRINGTON, FRANCESCHI's actions and deeds, and all Defendants were a part of the process.

**SIXTH CAUSE OF ACTION**
**LAND PATENT INFRINGEMENT**
**AS TO ALL DEFENDANTS**

95.    CUPP re-alleges and incorporates by reference the facts and allegations contained in the Paragraphs above as though fully set forth herein.

96.    CUPPs land is protected by highest form of title, US Land Patent. CUPP has given COUNTY certified copies of CUPPs BLM patent. CUPP has posted it for years. CUPP has claimed this with the COUNTY since 2012, and has noticed COUNTY several times since.

97.    NO COUNTY, CITY NOR MUNICIPALITIES HAVE JURISDICTION OVER PRIVATE PROPERTY UNDER TREATY OR LAND PATENT. Defendant COUNTY and all Defendants have no lawful right or jurisdiction to infringe or trespass on CUPPs property rights.

98.    Land Patent laws and treaties are part of our founding fathers and in the Constitution itself, thereby each and every Defendant who violates this perjures his Oath and is committing treason against the Constitution.

**SEVENTH CAUSE OF ACTION**
**SLANDER OF TITLE**
**AS TO ALL DEFENDANTS**

99.    CUPP re-alleges and incorporates by reference the facts and allegations contained in the Paragraphs above as though fully set forth herein.

100.    Defendants SMITH, WILLETT, HARRINGTON, FRANCESCHI under direction of WICK, filed the Notice of Abatement Proceedings in the county recorder's office for all the public to see.

101.    The document was and is untrue and to this day CUPP has not had his hearing.

102.   Defendants SMITH, WILLETT, HARRINGTON, and FRANCESCHI under direction of WICK, knew or should have known the statement was untrue.

103.   The Notice of Abatement Proceedings filing is of a disparaging nature that could foreseeably impair the value of the property in the estimation of others.

104.   CUPP has suffered and continues to suffer damages because of this in the amount of $93,060.00 and is continuing to increase as time goes on.

**EIGHTH CAUSE OF ACTION**
**EXCESSIVE FINES**
**AS TO ALL DEFENDANTS**

105.   CUPP re-alleges and incorporates by reference the facts and allegations contained in the Paragraphs above as though fully set forth herein.

106.   As a pattern and practice the COUNTY and all Defendants regularly and consistently bully property owners, as in CUPPs case unlawful search, trespass and refuse to respond with due process, and charge a ridiculous amount of funds for fines, which is income for the COUNTY to pay is own employees. This is done as a form of penal purposes and is punitive; and financial intercourse against CUPP is a source of revenue for COUNTY.  Such 'fines' undermine our liberty. The Eighth Amendment protects against excessive fines.

**JURY TRIAL**

107.   Jury trial by jury of my peers demanded.

V.    **PRAYER FOR RELIEF**

**WHEREFORE,** CUPP prays that this Court enter a judgment in his favor and against Defendants, jointly and severally, and award:

1.  General damages for civil rights violations, each count, each defendant;

2.  Compensatory damages in the amount of $93,060.00 each count, each defendant;

3.  Punitive damages to be determined at trial, all defendant's, except COUNTY;

4.  For cost of suit;

5.  For Attorney's fees per §1988;

6.  The right to amend this suit as facts permit or as needed;

7.  Such other relief as the Court deems just and proper;

8.  For Injunctive relief for any further actions or damages by Defendants from engaging in conduct from activities described herein.


Dated:  May 18, 2020                              Respectfully;

                                                  _____
                                                  Ronald Cupp
                                                  Plaintiff Pro Se

**VERIFICATION**

Declaration of Ronald Cupp

I, Ronald Cupp, declare on personal knowledge, the following facts:

1.  I have read the foregoing pleading and know the facts therein stated to be true and correct.

I declare, under penalty of perjury pursuant to the laws of the State of California and these

United States of America, that the foregoing is true and correct to the best of my knowledge,

information and belief.

Date: May 18, 2020

_____

Ronald Cupp, Plaintiff Pro Se