UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONALD CUPP,

    Plaintiff,

v.

ANDREW SMITH, et al.,

    Defendants.

Case No. 20-cv-03456-PJH

**ORDER DENYING MOTION TO PROCEED EX PARTE AND SETTING A BRIEFING SCHEDULE ON MOTION FOR TEMPORARY RESTRAINING ORDER**

Re: Dkt. No. 20

On July 31, 2020, plaintiff Ronald Cupp (plaintiff") filed an ex parte motion for a temporary restraining order and motion for a preliminary injunction against defendants Andrew Smith ("Smith"), Tyra Harrington ("Harrington"), County of Sonoma ("Sonoma County"), and an unspecified Doe defendant (collectively, "defendants"). Dkt. 20.

The subject of this action involves an alleged unlawful entry by defendants and other county officials upon plaintiff's property on February 15, 2019, as well as other alleged deprivations of his procedural rights to challenge certain citations issued by defendants concerning his property since that February 2019 entry. Dkt. 1 ¶¶ 15-57. The subject of this motion involves a search of plaintiff's property that defendants conducted on the morning of July 30, 2020. Dkt. 20 at 2-3. In his declaration, plaintiff states that he "notified defendant's counsel, Michael Smith, by email on July 30, 2020" that he "would be filing this application for a TRO." Dkt. 20-2 ¶ 10. Based on its records, the court understands that plaintiff meant "Michael King" ("counsel King"), not "Michael Smith," because counsel King and Bruce Goldstein appear to be the only attorneys who have made filings on behalf of defendants in this action.

Federal Rule of Civil Procedure 65(b)(1) allows a court to "issue a temporary

restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. Pro. 65(b)(1)(A)-(B).

As this court has previously stated, "[e]x parte injunctive relief is to be granted sparingly." Kinney v. Lavin, 2014 WL 4182478, at *1 (N.D. Cal. Aug. 22, 2014). Accordingly, courts generally limit ex parte injunctive relief to two situations: "[1] where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing; and [2] in a very limited number of cases, where notice to the defendant would render fruitless the further prosecution of the action." Id. citing Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir.2006).

Here, plaintiff fails to proffer any argument in support of the ex parte nature of his request. Significantly, plaintiff fails to identify any specific fact that clearly shows that immediate and irreparable injury would result to him during the brief period that defendants would have to oppose his motion. To the contrary, it appears that the injury he complains of (i.e., the allegedly unlawful search) has already occurred. Dkt. 20-2 ¶ 8. Moreover, given that plaintiff himself acknowledged that he already provided notice to counsel King on July 30, 2020 of his intent to file this motion, the court finds that the first general set of situations where ex parte relief is appropriate is necessarily inapplicable.

The second set is also inapplicable. Significantly, plaintiff fails to explain why providing defendants notice of this motion would "render fruitless" the prosecution of this action. In any event, this circumstance is typically reserved for situations involving evidence preservation issues, Reno Air Racing Ass'n, Inc., 452 F.3d at 1131 ("To justify an ex parte proceeding on this latter ground, 'the applicant must do more than assert that the adverse party would dispose of evidence if given notice'"), which plaintiff does not

contend are present in the instant action.  Accordingly, the court **DENIES** plaintiff's request to proceed ex parte.

That said, to the extent plaintiff relies upon the possibility that defendants might direct third-party PG&E to "shut off" his electricity, Dkt. 20 at 7, the court **ORDERS** defendants to refrain from issuing any such direction until it has resolved the instant motion.  To that end, defendants may file a joint response to plaintiff's request for a temporary restraining order by **12:00 pm on Tuesday, August 2, 2020**.  As a courtesy, the court also asks defendants to electronically file legible white retained copies of the pink notice slips proffered by plaintiff (Dkt. 20-1 at 1-7).  Unless it informs the parties otherwise, the court will issue its decision on plaintiff's motion on the papers.

**IT IS SO ORDERED.**

Dated: July 31. 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge