EXHIBIT 2

FILED

1   Permit and Resource Management Department
    County of Sonoma

JUL 20 2020

SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SONOMA

BY _____ DEPUTY CLERK

2   2 2550 Ventura Avenue
    Santa Rosa, CA 95403

3   Telephone: (707) 565-7384
    Facsimile: (707) 565-3767

4   Todd.Hoffman@Sonoma-County.org

5

SUPERIOR COURT OF THE STATE OF CALIFORNIA

6

IN AND FOR THE COUNTY OF SONOMA

7

Warrant No:

8                                           SCV- 266746

9   In the Matter of an Application for an          **POINTS AND AUTHORITIES**
    Inspection and Abatement Warrant for the        **IN SUPPORT OF EX PARTE**
10  premises located at 4640 Arlington Ave.,        APPLICATION FOR INSPECTION
    Santa Rosa, California, and more                WARRANT
11  particularly described as Assessor's
    Parcel Number 014-251-063.                      **Code Civ. Proc. § 1822.50 et seq.**
12

13

14                                          **I.**

15                                  **INTRODUCTION**

16          The COUNTY OF SONOMA ("County"), respectfully requests that this Court issue an

17  Inspection Warrant authorizing the County of Sonoma Permit Resource Management Department

18  ("PRMD"), Sonoma County Sheriff's Department, County Counsel, the California Department of

19  Fish and Wildlife, the California Department of Food and Agriculture (CDFA), the Sonoma

20  County Fire and Emergency Services, the Environmental Health Department ("EHS"), P,G.& E,

21  Sonoma County Animal Control, by and through their employees, to inspect the interior and

22  exterior and surrounding premises of structures on the property of 4640 Arlington Rd., Santa Rosa,

23

24

Points & Authorities - Inspection Warrant

1

1  CA, more particularly described as Assessor Parcel Number 134-251-063 ("the Property")[1]. The

2  Property is owned by Anthony Ronald Cupp, "Property Owner").

3  **II.**

4  **LEGAL ARGUMENT**

5      A.    **REASONABLE CAUSE EXISTS TO ISSUE A CIVIL INSPECTION WARRANT BASED ON THE ALLEGED VIOLATIONS OF**

6          **BUILDING AND ZONING CODES ON THE PROPERTY.**

7         The California Code of Civil Procedure 1822.50, "Inspection Warrants," sets forth the

8  authority and procedure for issuance of civil inspection warrants.   Code of Civil Procedure (C.C.P.)

9  Section 1822.50, "Definition," provides:

10            An inspection warrant is an order, in writing, in the name of the people, signed by
          a judge of a court record, directed to a state or local official, commanding him to

11            conduct any inspection required or authorized by a state or local law or regulation
          relating to building, fire, safety, plumbing, electrical, health, labor, or zoning.

12

13         An inspection warrant *shall* be issued upon cause if the applicant meets certain procedural

14  requirements. (Code Civ. Proc. § 1822.50-1822.60) The applicant must support the warrant by an

15  affidavit particularly describing the place to be inspected and the purpose of the inspection, and stating

16  that consent to inspection has been requested and refused or facts and circumstances reasonably justify

17  the failure to seek such consent. (Code Civ. Proc. § 1822.51) The warrant must limit the hours in which

18  it can be executed, may authorize only reasonable force, and must direct the applicant to return the

19  executed warrant within 14 days, unless extended or renewed. (Code Civ. Proc. § 1822.55, 1822.56)

20  Cause is deemed to exist where "there is reason to believe that the condition of nonconformity exists

21  with respect to the particular place, dwelling, structure, premises, or vehicle." (Code Civ. Proc. §

22  _____

23       [1]   The parcel is a 4.33 acre parcel that consists of a single family dwelling; a detached two (2) car garage; a
barn complex, which consists of a 100' x 40' metal barn, a 40'x 20' metal barn, and a 20'x20' barn; and several more

24  accessory structures. The parcel has up to two (2) non-permitted travel trailers. Photos attached to the Declaration of Todd
Hoffman depict the Property and the Sonoma County Code violations at issue .

1    1822.52). The County has met all of the requirements.

2           The Declaration of Code Enforcement Inspector II, Todd Hoffman submitted herewith: (1)

3    describes with particularity the property for which the inspection warrant is sought; (2) identifies the

4    purpose of the inspection warrant; (3) describes the previously documented and additional suspected

5    violations of the County's building and zoning codes;  (4) explains that prior notice and consent for

6    pre-arranged site inspection will likely result in the removal and/or destruction of evidence and (5)

7    explains the necessity for forced entry. Moreover, the proposed warrant would limit the hours of its

8    execution, authorize only reasonable force, and direct the County to return the warrant after the

9    inspection.

10          As to cause, Code Enforcement Inspector Todd Hoffman's Declaration explains that the

11   Property constitutes a potential immediate hazard to health, safety, and welfare of the community,

12   especially in light of the allegations related to unpermitted construction, and cannabis cultivation. The

13   County has complied with the requirements outlined in the Code of Civil Procedure, and respectfully

14   requests the Court issue an Inspection Warrant in this matter.

15          In addition to the general authority for inspections pursuant to the Code of Civil Procedure

16   section 1822.10, et. seq., as indicated above, specific provisions in the 2016 California Building Code

17   (as adopted by Chapter 7 of the Sonoma County Code) contain provisions for inspection of the property

18   including:

19          Section 104.6 of the 2016 California Building Code states:

20          104.6 Right of entry. Where it is necessary to make an inspection to enforce the
            provisions of this code, or where the building official has reasonable cause to
21          believe that there exists in a structure or upon a premises a condition which is
            contrary to or in violation of this code which makes the structure or premises
22          unsafe, dangerous or hazardous, the building official is authorized to enter the
            structure or premises at reasonable times to inspect or to perform the duties
23          imposed by this code, provided that if such structure or premises be occupied
            that credentials be presented to the occupant and entry requested. If such

24

Points & Authorities - Inspection Warrant

1   structure or premises is unoccupied, the building official shall first make a
    reasonable effort to locate the owner or other person having charge or control of
2   the structure or premises and request entry. If entry is refused, the building
    official shall have recourse to the remedies provided by law to secure entry.
3

4          In *County of Contra Costa v. Humore*, (1996) 45 Cal. App. 4th 1335, the First District

5   Court of Appeal, held that the probable cause standard for an administrative inspection warrant

6   required only a reasonable belief that a violation had been committed, and not the greater standard of

7   probable cause required for a criminal search warrant. The *Humore* Court went into great detail in

8   distinguishing a criminal defendant's rights to attack a warrant from those of a civil defendant.  The

9   Court stated that: "… the statutes governing administrative warrants vest substantial discretion in the

10  court to determine probable cause and provide special protections not present in the criminal

11  context." *Id.* at 1351.

12         Based on the authority above, as supported by the Declaration submitted herewith,

13  grounds and authority for issuance of an inspection warrant exist.

14  **B.  THE AFFADAVITS OF COUNTY EMPLOYEES DEMONSTRATE THE NEED**
    **FOR AN INSPECTION AND ABATEMENT WARRANT**
15
           In support of the immediate need for an inspection, the Declaration of Inspector Hoffman
16
    set forth facts that evidence the Property constitutes a threat to the health, safety and welfare of the
17
    community, especially in light of the potentially hazardous electrical and related uses associated
18
    with the illegal cannabis grow site.
19
           The property has a violation history with Code Enforcement dating back to 2000, when
20
    several structures were under construction and being converted from their permitted uses. The
21
    property has been suspected of cultivating non-permitted commercial cannabis since 2012, when
22
    Santa Rosa Police Department (SRPD) executed a Search Warrant on the property and found that
23
    there were several thousand plants and a volatile extraction lab (SRPD 120007991).
24

Points & Authorities - Inspection Warrant

4

1    At the time of the 2012 SRPD warrant, an associate of the Property Owner's, Elias

2    Stavrinides, was present on the property. Stravinides own property was the subject of a Code

3    Enforcement Inspection warrant at 970 Butler Ave., Santa Rosa, CA; at the time several thousand

4    cannabis plants were observed and subsequently eradicated by a secondary Search Warrant from the

5    Sonoma County Sheriff's Office Narcotics Unit.

6    　　　1.　　In January of 2019, Code Inspector A. Smith attempted to access the property in

7    response to a complaint regarding multiple violations. Inspector Smith was prevented from

8    accessing the property by the fence and gate. From the right of way, he observed numerous

9    violations, including the unpermitted construction/ remodel of: the primary residence, a barn, and a

10   garage. He also observed that at least one of the structures was being converted into an unpermitted

11   dwelling unit. After completing a permit history search of the property, Inspector Smith Issued

12   violations for all of the violations that he observed and posted the notices to the property in

13   February of 2019. The Notice and Orders were then sent by certified mail to the property owner's

14   address as listed with the Sonoma County Assessor's Office.

15   　　　2.　　Since the original attempt to obtain a site inspection, Inspector Smith has

16   unsuccessfully attempted to contact the property owner on three (3) other separate occasions. Each

17   time, Inspector Smith has observed ongoing and new construction to the property, including the

18   possible installation of an unpermitted septic system. The only communication Inspector Smith has

19   received from the property owner was a Constructive Notice of Trespass and Deprivation of Rights

20   dated February 27, 2019 **(Exibit C1).** Based on my contact with Sonoma County Sheriff's Office

21   Detectives regarding the subject property, as well as my training and experience, I know that letters

22   and notices similar to the one sent to Inspector Smith have been the work product of individuals

23   that adhere to the "Sovereign Citizen Movement," which purportedly rejects most forms of

24

Points & Authorities - Inspection Warrant

5

1   government authority, regulation, and taxation. Portions of this group are recognized by the Federal

2   Bureau of Investigation (FBI) as a Domestic Terrorist Group.

3          Inspector Smith issued daily Civil Penalties for each violation on April 19, 2019, and on

4   June 5, 2019, he issued a Notice of Abatement Proceedings for all violations. In response to a

5   request for an Abatement Hearing, the property owner sent a second Constructive Notice of

6   Trespass and Deprivation of Rights letter date September 4, 2019 **(Exibit C2).** In this notice the

7   property owner several questions regarding the jurisdiction of the hearing, as well as the laws that

8   govern it. Since that date there has been no contact with the property owner, and all attempts to

9   access the property have been thwarted.

10          Based on an analysis of available chronological satellite imagery, I know that several

11   structures have been demolished, structures and additions have been added, and existing structures

12   have undergone modifications (e.g., modification of roof-line). All of these observations would

13   necessitate an issued permit and the requisite inspections. To date, the available record does not

14   show that a single Building Permit, Well & Septic Permit, or Zoning Permit has been issued on this

15   property, which means that no substantive modifications should have been done to this property

16   from 1963, when the County of Sonoma started regulating Land Use with permits, to the present.

17          Using aerial imagery obtained on March 27, 2020 **(Exhibit E1 & E2),** I confirmed that the

18   single family dwelling was undergoing extensive remodeling construction, as was large barn. On

19   the barn I observed the installation of up to five (5) non-permitted air conditioning/ fan units. Based

20   on my training an experience, I know that indoor cannabis grows create considerable amounts of

21   heat and humidity, which is a byproduct of the hi-powered lighting, irrigation and organic matter

22   involved in the cultivation operation. In order to provide optimal growing conditions, growers must

23   reduce the heat and humidity with the introduction of mechanical fans and air conditioning units.

24

Points & Authorities - Inspection Warrant

1    Growers of non-permitted cannabis realize that their grow operations can be compromised by the

2    observation of their construction efforts and therefore take steps to mitigate their view from the

3    public and enforcement officers by creating visual barriers (e.g., nine foot solid wood fences in the

4    right of way) to conceal the construction and addition of air conditioning units to out-buildings that

5    would normally not have a need for air conditioning units, let alone multiple units per structure.

6    Based on a historical analysis of satellite imagery, I know that the non-permitted air conditioning

7    units were installed in or after July 28, 2019.

8       Using the aerial imagery obtained in March of 2020, I observed what appears to be two (2)

9    non-permitted occupied travel trailers. Based on my training and experience, I know that properties

10    engaged in commercial cannabis cultivation have additional security needs that require immediate

11    on-site security around the clock to prevent burglaries and product theft. To accomplish this,

12    cultivation sites will often place a travel trailer immediately adjacent to the grow site, thereby

13    allowing security personnel to live and sleep proximal to the grow site.

14       I have reviewed the current PRMD permit history database for the subject parcel and have

15    confirmed that there are no building permits for the mechanical or electrical additions or remodeling.

16       Based on my training and experience with past non-permitted commercial cannabis

17    cultivation sites, contact by telephone or letter generally results in the property owner stalling the site

18    inspection until such time that the cannabis has been harvested or relocated to another location off of

19    the property. Additionally, based on my training and experience, advanced notice of requesting an

20    inspection, that is likely to be denied, would likely result in the unlawful cannabis being removed

21    prior to the property owner or occupant allowing an inspection.

22       To date, the County has not inspected the property, but has reasonable cause to believe that

23    there will be further Housing, Building and Health & Safety Code violations. It is necessary to

24

Points & Authorities - Inspection Warrant

7

1  specifically identify further Building, Housing, Health & Safety, and Zoning Code violations and to

2  protect the health and safety of the occupants and public. The County has complied with the

3  requirements outlined by the Code of Civil Procedure, and respectfully requests that the Court issue

4  an inspection warrant in this matter.

5

6  **C.  CIRCUMSTANCES EXIST TO SUPPORT THE ISSUANCE OF AN INSPECTION WARRANT**

7

8        Code of Civil Procedure section 1822.51, provides for the affidavit in support of the warrant

9  to contain either statement that consent to inspect has been sought and refused or facts and

   circumstances reasonably justify the failure to seek such consent. As set forth in the Declaration of

10  Code Enforcement Inspector Todd Hoffman submitted herewith, the County's failure to obtain

11  prior consent to enter and inspect the structures and premises has been reasonably justified based

12  upon the training and experience of Inspector Hoffman and his opinion that any request for

13  inspection would be denied and would provide an opportunity for the Property owners or Operators

14  to remove or destroy evidence of cannabis cultivation. As such, good cause exists regarding the

   County's request for inspection without consent and in the absence of the property owner.

15        Furthermore, to California Code of Civil Procedure section 1822.56, provides for forced

16  entry onto the property and structures therein, where access may be denied and a violation relating

17  to building, fire, safety, plumbing, electrical, heath, labor or zoning, which would be an immediate

18  threat to health and safety.

19        Based on the training and experience of Inspector Todd Hoffman, there is reason to believe

20  that the property owners will continue to withhold access to the property so that they could relocate

21  and/ or destroy evidence. For that reason, it is requested that the warrant service foregoes the

   twenty-four (24) hour notice to execution in favor of immediate posting and execution.

22

23  **III.**

24

Points & Authorities - Inspection Warrant

8

1

## <u>CONCLUSION</u>

2          For the foregoing reasons, the County respectfully requests that the Court issue the proposed

3   inspection warrant filled herewith.

4      _07.16.20_                                    _____

5      Date                                         Todd Hoffman
                                                    Code Enforcement Inspector II
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Points & Authorities - Inspection Warrant