ROBERT H. PITTMAN  #172154
County Counsel
MICHAEL A. KING #77014
Deputy County Counsel
County of Sonoma
575 Administration Drive, Room 105A
Santa Rosa, California 95403
Telephone: (707) 565-2421
Facsimile: (707) 565-2624
E-mail: michael.king@sonoma-county.org

Attorneys for Defendants
ANDREW SMITH, MARGARET WILLETT
TYRA HARRINGTON, MARK FRANCESCHI,
TENNIS WICK and COUNTY OF SONOMA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CUPP,<br><br>　　　Plaintiff,<br><br>vs.<br><br>ANDREW SMITH, Individually;<br>TENNIS WICK, Individually;<br>COUNTY OF SONOMA; DOES 1-10<br><br>　　　Defendants.<br>_____ / | Case No. 4:20-cv-03456 PJH<br><br>**DEFENDANTS TENNIS WICK AND COUNTY OF SONOMA NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S VERIFIED FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  12-2-2020<br>Time: 9:00 a.m.<br>Courtroom: 3, 3rd Floor<br>Judge: Phyllis Hamilton |

**TO PLAINTIFF RONALD CUPP:**

PLEASE TAKE NOTICE THAT on December 2, 2020 at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 3-3rd Floor of the above-entitled Court located at Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612, Defendants TENNIS WICK, Individually( "Wick"); and COUNTY OF SONOMA; ("County") will and hereby do move this Court for an order granting dismissal of the Verified Complaint for Damages- filed on October 7, 2020, by Plaintiff Ronald Cupp.

1  This Motion to Dismiss is brought pursuant to Federal Rules of Civil Procedure
2  Rule 12 (b)(6), for dismissal of the complaint is warranted based on the following
3  separate and independent grounds:
4      1) Defendant Tennis Wick believes the original order of dismissal was intended to
5         cover him along with the other supervisory defendants.
6      2) Plaintiff has failed to state a claim upon which relief can be granted as to either
7         Defendant Tennis Wick or Defendant County of Sonoma.
8  This Motion to Dismiss is based on the attached Memorandum of Points and
9  Authorities in support thereof, the accompanying Request for Judicial Notice, the papers
10 and pleadings on file herein, and on such further arguments or evidence as may be
11 presented prior to adjudication of the motion.
12
13 Dated: October 21, 2020                BRUCE D. GOLDSTEIN, County Counsel
14
15                                  By: /s/ *Michael A. King*
16                                      Michael A. King
17                                      Deputy County Counsel
                                        Attorneys for Defendants

# TABLE OF CONTENTS

I.   INTRODUCTION .................................................................................................. 6

II.  STATEMENT OF THE CASE............................................................................... 7

III. FRCP 12 MOTION TO DISMISS STANDARDS ................................................ 8

IV.  LEGAL ANALYSIS ............................................................................................... 9

    A.   Defendant Tennis Wick Should be Dismissed Summarily ............................ 9

    B.   Attempt to State a Plausible Monell Claim is Still Deficient...................... 10

V.   CONCLUSION ..................................................................................................... 11

# Cases

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ............................................................................................... 7, 8, 10

*Barren v. Harrington*
152 F.3d 1193 (9th Cir. 1998) ................................................................................................ 9

*Bedford v. City of Hayward*
 2012 WL 4901434, at *12 (N.D. Cal. Oct. 15, 2012) ....................................................... 10

*Bell Atlantic v. Twombly*
550 U.S. 544 (2007) ...................................................................................................... 8, 10

*Broughton v. Cutter Labs*
622 F.2d 458 (9th Cir. 1980) .................................................................................................. 8

*Busch v. Torres*
 905 F.Supp. 766 (C.D. Cal. 1995) ........................................................................................ 8

*City of Canton v. Harris*
489 U.S. 378 (1989) ................................................................................................... 10, 11

*Epstein v. Wash. Energy Co.*
83 F.3d 1136 (9th Cir. 1996) .................................................................................................. 8

*Erdman v. Cochise County, Arizona*
926 F.2d 877 (9th Cir. 1991) ............................................................................................... 11

*Galindo v. City of San Mateo*
2016 WL 7116927, at *5 (N.D. Cal. Dec. 7, 2016) .......................................................... 10

*Gibson v. United States*
781 F.2d 1334 (9th Cir. 1986) .............................................................................................. 9

*Gygax v. Grule*
1994 U.S.Dist. LEXIS 18114 (1994) ................................................................................... 9

*In re Gilead Scis. Litig.*
536 F.3d 1049 (9th Cir. 2008) .............................................................................................. 9

*Johnson v. Riverside Healthcare Sys.*
534 F.3d 1116 (9th Cir. 2008) .............................................................................................. 7

*Lee v. City of Los Angeles*
250 F.3d 668 (9th Cir. 2001) .............................................................................................. 10

*Lopez v. Smith*
203 F.3d 1122 (9th Cir. 2000) .............................................................................................. 8

*Marsh v. County of San Diego*
680 F.3d 1148 (9th Cir. 2012) ............................................................................................ 11

*Noll v. Carlson*
809 F.2d 1446 (9th Cir. 1987) .............................................................................................. 8

*Oviatt v. Pearce*
54 F. 2d 1470, 1477 (9th Cir. 1992) .................................................................................. 10

*Trevino v. Gates*
99 F.3d 911 (9th Cir. 2008) ............................................................................................... 11

*United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*
971 F.2d 244 (9th Cir. 1992) ............................................................................................... 8

*Van Ort v. Estate of Stanewich*
92 F.3d 831 (9th Cir. 1996) .............................................................................................. 10

**Statutes**

Federal Rules of Civil Procedure
Rule 12 ............................................................................................................................ 2, 7

42 United States Code
§ 1983 ................................................................................................................... 5, 6, 9, 11

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Verified First Amended Complaint for Damages ("FAC"), filed herein by Plaintiff Ronald Cupp ("Plaintiff"), alleges that various individual named defendants and the County of Sonoma violated various rights that Mr. Cupp has under Federal statute and under California law. The genesis of this case arises from the alleged "trespass" on the property Plaintiff claims that he owns, by Defendant Andrew Smith on February 15, 2019. (Doc #38, FAC, p.5, ¶¶20, 21)

The original Complaint, Doc #1, was dismissed against several individual defendants on various grounds. (Doc #36, Order Granting Motion to Dismiss and Denying Motion to Disqualify Counsel). That Order clearly discusses the failure of Plaintiff to state facts to support a claim against individual Defendants Willett, Harrington, and Franceschi; which Defendants were dismissed "with prejudice".

The only claims that Plaintiff was allowed to amend were the §1983 claim against Defendant Andrew Smith and the trespass claim against Defendant Smith. (Doc #36, p. 24). The Court also allowed Mr. Cupp to attempt to allege a Monell claim against only Sonoma County. (Doc #36, p. 35). While Defendant Wick was not specifically named as being dismissed, Plaintiff was also not given permission to proceed with any claims against Tennis Wick, the Director of Permit Sonoma (also "PRMD").

The First Amended Complaint lists Three Causes of Action; the First Cause of Action – Violation of 42 U.S.C. §1983 -Unlawful Search against Defendant Andrew Smith only; Second Cause of Action -Trespass against Defendant Smith and Wick ; and Third Cause of Action – Agency Liability – Unconstitutional Official or De Facto Policy, Practice, or Custom in Violation of 42 U.S.C. §1983 (Monell) .

Defendants request that the Court dismiss this pleading against both Tennis Wick and the County of Sonoma with prejudice, as Plaintiffs cannot cure the defects in the Amended Complaint by further amendment.

## II. STATEMENT OF THE CASE

This action arises out of a County code enforcement inspection on February 15, 2019. Plaintiff Ronald Cupp does not allege he was present at the time. He states conclusions about Defendant Smith's ignoring posted signage, opening a closed gate, and entering onto the property without announcing himself. (Doc #38, ¶22). Plaintiff draws numerous conclusions without any actual knowledge.

In the FAC, Plaintiff names an individual who was painting in a building located at the front of the "subject land". (Doc #38, ¶¶ 24). Presumably this man will testify to the remaining allegations of Defendant Smith "wandering" the entirety of the 4.33 acres. (¶¶ 25-27)

The only allegations against Defendant Tennis Wick are the allegations that he is a managing or supervising agent (Doc #38, ¶2), he is Director of the Permit and Resource Management Department ("PRMD") (Doc #38, ¶10), and that he somehow acted in concert with or was directing or encouraging Defendant Smith (Doc #38, ¶¶40,44)

The allegations against the County of Sonoma ("County") are not much more enlightening. The County is included in the same paragraph as Tennis Wick, ¶2 that it directed Defendant Smith, that it employed Defendant Smith (Doc #38, ¶8), and that notices were sent by Andrew Smith on behalf of the County (Doc #38, ¶¶31-33).

Without any factual basis, Plaintiff attempts to allege a *Monell* claim against the County of Sonoma. He alleges on information and belief that the County exercises de facto policies "contrary to its constitutional requirements." The County is "ultimately responsible due to customs, policies and practices of its officers, agents, and employees; whom they employ, train, supervise, oversee, discipline, reward or ratify." (Doc #38, ¶47). Finally, Plaintiff again is informed and believes, that the County in disregard of Plaintiff's rights, including right to be free from warrantless searches, "maintained, enforced, tolerated, ratified, permitted, acquiesced in, and/or applied, among others, the following customs, policies, and practices: [followed by a list of generic, non-specific

1  stated "practices" or "policies" that are limited to the supposed violations by Andrew
2  Smith in this matter].
3      It is not clear how the allegations give rise to any cause of action, but Plaintiff
4  persists in his allegations that his land is protected by US Land Patent and BLM Patent.
5  (Doc #38; ¶¶13, 14, and 16). There are additional allegations carried over from the first
6  complaint that have no bearing on this case.

    **III.    FRCP 12 MOTION TO DISMISS STANDARDS**

    A claim for relief may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for a "failure to state a claim upon which relief can be granted."  (Fed. R. Civ. Proc. 12(b)(6) ("Rule 12 (b)(6)").)  A request for dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory, or the absence of sufficient facts alleged under a cognizable legal theory.  (*Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008).)  To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  (*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).)  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  *Ashcroft*, *Id.* 556 U.S. at 679.

    Bare assertions which amount to "nothing more than a formulaic recitation of the elements" of a claim for relief are conclusory and not entitled to be assumed true.  (*Iqbal*, 129 S. Ct. at p. 1951, quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).)

    "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

    When considering a motion to dismiss, the Court may consider undisputed matters of public record through a request for judicial notice, including state court records. (*United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *Busch v. Torres*, 905 F.Supp. 766, 769, fn. 1 and 2 (C.D. Cal. 1995).)

1  Leave to amend should be denied if it is clear that the deficiencies in the complaint
2  cannot be cured by amendment. (*See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000);
3  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs*,
4  622 F.2d 458, 460 (9th Cir. 1980).)

5  IV.   **LEGAL ANALYSIS**

6   A.   **Defendant Tennis Wick Should be Dismissed Summarily**

7  Defendant Wick was not differently situated than the other individual Defendants
8  dismissed with prejudice in the Order Granting Motion to Dismiss, Doc #36.  Defendant
9  Wick agrees that he was not expressly dismissed in the Order, but believes that he should
10 have been.  Plaintiff was not given permission by the Court to proceed with any
11 Complaint against him. The Court only allowed claims against Defendant Andrew Smith
12 and the County, if Plaintiff wanted to attempt to plead a *Monell* claim.  (Doc #36, pp.
13 24-25).

14 In any event, the very thin pleadings against Defendant Tennis Wick do not state
15 facts upon which relief can be granted.  There has been no significant change in the
16 insufficient allegations from the first Complaint.

17 As previously noted by Defendants in Doc #9, p 13; in *Gygax v. Grule* 1994
18 U.S.Dist. LEXIS 18114 (1994) this Court faced similar overbroad conclusory pleading as
19 present in this case. The Court granted Defendant county and county employees' Motion
20 to Dismiss as to eleven causes of action for trespass and violations of constitutional
21 rights.

22 Allegations against Defendant Tennis Wick are still vague and conclusory.  He is
23 supposedly acting in concert with Andrew Smith; without differentiating any specific
24 conduct by Tennis Wick that caused harm or damage to Ronald Cupp.

25 "A plaintiff must allege facts, not simply conclusions, that show that an individual
26 was personally involved in the deprivation of his [or her] civil rights." See *Barren v.*
27 *Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)  Plaintiff offers generalized allegations of

28

The Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Litig.* (9th Cir. 2008) 536 F.3d 1049, 1055.

### B. Attempt to State a Plausible Monell Claim is Still Deficient

In fact, there are inadequate allegations of fact to support a claim against either the County or the individual defendants. *Monell v. Department of Soc. Servs.,* 436 U.S. 658, 690 (1978) ("*Monell*").

A county cannot be held liable merely for employing a tortfeasor under a respondeat superior theory. (*Monell, Id.*, at 691.) Instead, a county can only be held liable under § 1983 where the county itself caused the constitutional violation through "execution of a government's policy or custom, whether made by its lawmakers or those whose edicts are acts may fairly be said to represent official policy." (*Id.*, at 694.) Accordingly, "a plaintiff must allege that the action inflicting injury flowed from either an explicitly adopted or a tacitly authorized [municipal] policy." (*Gibson v. United States*, 781 F.2d 1334, 1337 (9th Cir. 1986).)

To properly allege a § 1983 claim against a public entity (or an individual public official sued in his or her official capacity), a plaintiff must show that: (1) he was deprived of his constitutional rights by defendants and their employees acting under color of state law; (2) the defendants have customs or policies which amount to deliberate indifference to constitutional rights; and (3) the policies were the moving force behind, or proximate cause of, the constitutional violations. (*Lee v. City of Los Angeles*, 250 F.3d 668, 681-682 (9th Cir. 2001), abrogated on other grounds by *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 837 (9th Cir. 1996).) A plaintiff's allegation that a policy exists, without more, is insufficient to trigger local government liability under § 1983. (*City of Canton v. Harris* (1989) 489 U.S. 378, 388-389.)

The allegations in the FAC referencing that supposed policies exist in the County of Sonoma based on "information and belief", appear to be supposed policies that are

either incredibly overbroad such as "failing to discourage or actively encouraging unlawful use of authority of the PRMD..". (Doc #38, ¶49). This alleged "policy" however, focuses on the alleged conduct of Andrew Smith.

A similar "policy" is alleged of failure to admonish, reprimand, discipline Code Inspectors, again focusing on Andrew Smith. (Doc #38, p. 11, ¶49). These allegations are no more than formulaic recitations of supposed unlawful policies, conducts or habits.

To "withstand a motion to dismiss for failure to state a claim, a Monell claim must consist of more than mere 'formulaic recitations of the existence of unlawful policies, conducts, or habits.'" *Bedford v. City of Hayward*, 2012 WL 4901434, at *12 (N.D. Cal. Oct. 15, 2012) (citation omitted); see also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Oviatt v. Pearce*, 54 F. 2d 1470, 1477 (9th Cir. 1992) ("The existence of a policy, without more, is insufficient to trigger local government liability under section 1983."). "*Monell* allegations must be [pled] with specificity as required under *Twombly* and *Iqbal*." *Galindo v. City of San Mateo*, 2016 WL 7116927, at *5 (N.D. Cal. Dec. 7, 2016).

The supposed policies or customs are really just an attempt by Mr. Cupp to add another party for liability due to the alleged conduct of Defendant Andrew Smith, of which Mr. Cupp admittedly has no first-hand knowledge.

Single or isolated events in the context of this type of case are simply insufficient to state a plausible claim under *Monell*: "[l]iability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency, and consistency that the conduct has become a traditional method of carrying out policy." (*Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 2008).)

Under *Monell* standards, an "isolated instance . . . is insufficient evidence of a 'policy statement, ordinance, regulation, or decision officially adopted and promulgated by' the County." (See *Marsh v. County of San Diego*, 680 F.3d 1148, 1159 (9th Cir. 2012) (internal citations omitted).) Further, a plaintiff must allege a "direct causal link"

between the constitutional deprivation and a municipal policy or custom.  (*Erdman v. Cochise County, Arizona*, 926 F.2d 877, 882 (9th Cir. 1991), quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).)  This requires that a plaintiff actually allege the specific "policy" that caused the constitutional deprivation and resulting injury – mistakes or isolated events of municipal officials do not arise to the level of "policy" sufficient for § 1983 liability.  (Id.)

Plaintiff Ronald Cupp was given the opportunity to allege a *Monell* claim, but really just re-stated his claim against Defendant Smith, and alleged it was part of a policy or custom of the County of Sonoma, on "information and belief."  Defendant County contends this to be insufficient.

**V.     CONCLUSION**

Defendant Tennis Wick should not have been named by Plaintiff, but even if Defendant Wick was properly included in the FAC, there is no facts to support a claim against him.  There are clearly insufficient facts of conduct to support a legally cognizable theory of liability against the County in the Verified First Amended Complaint.  Both Defendants request dismissal with prejudice.

Dated: October 21, 2020                              ROBERT H. PITTMAN, County Counsel

                                        By:  /s/ *Michael A. King*
                                               Michael A. King
                                               Deputy County Counsel
                                               Attorneys for Defendants
                                               COUNTY OF SONOMA, et al.