Ronald Cupp                                      Michael A. King, Esq.
150 Raley Town Center Ste 2512                   Sonoma County Counsel
Rohnert Park, California [94928]                 575Administration Drive, Room 105-A
Telephone: (707) 318-9929                        Santa Rosa, California 95403
Plaintiff in Pro Se                              Telephone: (707) 565-2421
                                                 Attorney for Defendant


August 17, 2021

*Via E-Mail Only*
Honorable Phyllis J. Hamilton, U.S. District Court

Re:   *Ronald Cupp v. Andrew Smith, et al.* U.S. District Court (N.D. CA) Case No. 20-cv-03456-PJH
      Discovery Dispute after compliance with Standing Order

Dear Judge Hamilton:

### **Plaintiff's Discovery to Defendant**

Cupp served a first set of request for production of documents on Defendant Andrew Smith (Smith) on April 2, 2021. The set consisted of 8 requests. Cupp served a first set of interrogatories (consisting of 11 interrogatories) and requests for admissions (consisting of 13 requests) on Smith on June 18, 2021. Cupp also began Smith's deposition on July 22, 2021, but it has not concluded.

### 1) Request for Production of Documents

My request for production of documents seeks discovery of all documents and electronically stored information (ESI) pertaining to the February 15, 2019 search of my property, regardless of when the documents or ESI were created. I previously sent the County a Notice to Preserve Electronic Information on July 15, 2020. I understand I am not entitled to privileged documents or ESI. I have requested either (1) Defendant produce any responsive, non-privileged documents and ESI, or (2) if Defendant has already produced some but not all of the documents and ESI because some is privileged, to provide me with a privilege log in sufficient detail so that I can figure out what, if anything, is being withheld.

Defendant submitted a written response and produced PDFs of some documents and photographs. At my expense, I also obtained a copy of an Administrative Record from a hearing that was held in December 2020 and January 2021. I contend that Defendant's written discovery response is insufficient and not compliant with the FRCP, and additionally, Defendant's document production is insufficient because the electronic information was not produced in native format with metadata intact. Specifically, I identify the following areas where Defendant's response and/or document production is insufficient:

      *A. General Objections*

Defendant's initial written response contained "general objections." It is my understanding that general objections are not appropriate in federal discovery. I have asked Defendant to amend or withdraw these general objections, but to date, Defendant continues to promise that he will withdraw them, but he has not. In Defendant's "Further Responses" June 9, 2021, Defendant qualified all further responses by stating "without waiver of prior objections…," which presum includes the General Objections raised in the initial response.
      *B. Overbreadth & Vagueness Objections*

Defendant's written response objects on the grounds of overbreadth and vagueness. Rule 34(b)(2)(B)-(C) requires:

- That a party state grounds for objection with specificity; and
- An objection must state whether any responsive materials are being withheld on the basis of that objection

Defendant's written response does not comply with this mandate. All Defendant's response does is state that my discovery is overbroad, but he does not state how or explain why. He also does not explain how my discovery is so lacking in specificity that the discovery requests are burdensome or oppressive or not susceptible to answer. See, Advisory Comments to FRCP 34 (2015). Defendant has not amended his response.

ESI - Defendant has produced documents in PDF format, which included 107 photographs of my property and a few emails. Through his counsel, Defendant has told me that there were plenty to work with and that Cupp needed to instruct Defendant why he sought additional ESI discovery, and his reason for wanting additional ESI discovery.

### *C. Privilege Objection*

I have only ever asked for a sufficiently detailed privilege log that will allow me to assess if any documents or ESI are being withheld on that basis. Defendant's counsel has mentioned in meet and confer that he is withholding information based on privilege, and defense counsel has promised since May 2021 in emails/letters that he will provide general categories of information. However, he has yet to provide any categories, and he refuses to provide a privilege log.

## 2. **Interrogatories**

Defendant's response to interrogatories continues raising non-specific, boilerplate objections to most of the interrogatories. When Defendant does provide an answer to an interrogatory, the answer is evasive and non-responsive. For example, when I asked Defendant to identify all person who took any video footage of my property, Defendant objected in boilerplate fashion and stated, "Andrew Smith did not take any video footage on February 15, 2019."

In addition, Defendant's responses are, at times, simply not true. For example, Defendant states that he has provided photographs to me in "native" format. However, I asked for photographs to be produced in native format with metadata intact. Defendant's digital copies of photographs contained many photographs where the metadata was either missing, or the file names had been changed.

I also asked Defendant to identify the camera that was used to take the photographs of my property. Defendant objected again, in part, on the grounds that the interrogatory is not likely to lead to the discovery of admissible evidence, and then stated that the camera – a County issued iPad – had been returned to Permit Resources Management Department for "probably destruction" in February 2020. Defense counsel stated in meet and confer the camera was, in fact, destroyed, but "probable destruction" does not equal "destruction." Furthermore, the County maintains a document and ESI retention policy and procedures online. It is my position that the destruction of the iPad would not necessarily mean the data from the iPad was also destroyed, and in any event, destruction would violate the County's own retention policies as mandated by the California Government Code.

Finally, I asked Defendant in separate interrogatory to state all facts, identify all persons, and identify all documents that support any qualified admission or denial stated in response to my requests for admissions.

Defendant did not answer this interrogatory at all, merely referring me back to the responses to the requests for admissions, which are also inadequate.

These are just a few examples of the response I received to my interrogatories. Out of 11 interrogatories, I received a straightforward, non-evasive answer to 4.

### 3. Requests for Admissions

Defendant's response to my 13 requests for admission are also evasive and inadequate for the following reasons:

- Response Nos. 1-6, 11: Defendant raises boilerplate objections and then admits the information "based on Defendant's understanding of the request." I do not believe this is a straightforward answer to my requests.
- Response Nos. 7-8: Defendant denies based on "lack of information" without stating that he "made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." FRCP Rule 36(a)(4). I have not completed Smith's deposition. Therefore, it is important that he state the required rule language, so that I can question him as to what he did to make the reasonable inquiry, etc.
- Response Nos. 9-10: Defendant responded, "Defendant refers to his responses to the prior Requests for Admission." This is improper, and he does not specify which of his prior responses he is referring to.
- Response Nos. 12-13: Request No. 12 asked Defendant to admit that 33 photographs that were attached were the only photographs Defendant took of my property. Defendant objected but then responded: "Without waiving, admit that Defendant took photographs that appear to be attached as Exhibits A- AG." This does not answer the request, which asked Defendant to admit that Exhibits A-AG were the *only* photographs he took *at any time*. This is straightforward question that deserves a straightforward answer. Request No. 13 then asked Defendant to authenticate the photographs. Defendant merely repeated the same non-answer he gave to Request No. 12.

### 4. Depositions

I began Defendant's deposition on July 22, but it did not conclude. On that date, Defendant had a medical appointment to attend, so I accommodated his schedule. Defense counsel demanded in an email dated August 5, 2021 that I must conclude Defendant's deposition within the next 2 weeks, or he will not present Defendant. I do not believe I have full and complete responses to my written discovery, which is another reason I expressly stated on the record on July 22 I was not concluding Defendant's deposition.

### 5. Plaintiff's Proposal for Resolution

Below are my proposals for resolution:

A.  Defendant should either (i) provide rule-compliant responses/objections to all discovery requests; or (ii) withdraw any objections that are not applicable or inappropriate such as General Objections.

B.  If documents are withheld based on and objection or privilege, Defendant should specify what is being withheld. In the case of privilege, Defendant should provide a privilege log.

C.  Re: ESI – ESI has not been produced in its native format with metadata intact, which is necessary to determine if the documents are authentic and unaltered. Some documents produced so far appear to be altered, and digital equipment may have been destroyed in violation of the County's retention policies for documents and ESI. Defendant should produce all documents previously provided in their native, electronic format with metadata intact, including records of communications such as emails, text messages, photographs, videos, and the like.

D.  Re: Interrogatories/Requests for Admissions – Defendant should provide specific objections, withdraw boilerplate, and provide straightforward, non-evasive responses to these questions.

**Defendant's Response to Plaintiff's Demands**

This case involves the allegations of an unlawful search and trespass on February 15, 2019. The Court has clarified the scope of this matter in ECF Doc. #36 and #57.

Plaintiff is not seeking just the documents pertaining to the only relevant inspection or to the only Defendant. He seeks documents pertaining to all visits, inspections, and violations at the property, from all employees of the County Permit Department who were later involved with the property. The objection on overbreadth and relevance to all discovery requests, directly relate to Mr. Cupp attempt to obtain ESI and metadata that are not from the February 15, 2019 inspection. Even so, out of abundance of caution, Defendant referenced the voluminous Administrative Record which dealt in small part with the notices from February 2019, but mostly with later cannabis violations and inspection in July 2020. The basis for all these objections has been provided to Mr. Cupp in correspondence so he is fully aware of his overbroad requests for documents that do not pertain to the 2-15-2019 event, nor are they documents in possession of the only Defendant- Andrew Smith.

Counsel has repeatedly explained that almost all the documents pertaining to the 2019 inspection are hard copy records that are scanned in to the computer system. The "native" format is hard copy. This case does not involve "metadata" other than the photographs – the retention process for which was explained to Plaintiff by Defendant Andrew Smith at Smith's deposition.

In response to the Requests for Admissions and interrogatories, in addition to being not clear, not relevant, and overbroad since they were not limited to just the allegations in the single February 2019 inspection; they were often cumulative, asking the same information. Most were answered anyways, without waiving objections.

There was at least 90 minutes remaining for Plaintiff to ask more questions of Defendant Andrew Smith -- he never asked many questions that he could have asked to clarify discovery responses that he finds are objectionable. He also could have asked all the questions he now claims he needs to ask. He abruptly stopped without questioning Mr. Smith about matters he says he needs. He also could have clarified any questions he has about documents. He was clearly told that Mr. Smith does not have his I Pad anymore, how the photographs were taken, downloaded and retained. He also could have asked about the Defendant's understanding about retention policies for documents such as notices or photographs, which are different than e-mails. Mr. Cupp claims he is going to ask questions of the only Defendant about matters outside the Defendant's knowledge. He also repeatedly discusses references matters that have nothing to do with the February 15, 2019 inspection. All these questions could have been asked and were not, despite the urging of Defendant's counsel to continue for 90 minutes.

Plaintiff served thirteen (13) RFAs and eleven (11) interrogatories by mail and e-mail pursuant to FRCP 36 and 33, on June 18, 2021. Defendant was prepared to serve responses on Monday July 19, but Defense counsel's assistant noticed that counsel had sent Mr. Smith the wrong verification and sent him a correct one. Since the RFAs were served by mail, Defense counsel chose to wait for the verification to serve the responses on Tuesday July 20, 2021.

Objections were raised to the RFAs which were highly confusing, some cumulative, and difficult to understand. Despite these objections, Defendant admitted 7 of the requests and referred to his prior responses to 3 cumulative ones. He could not respond to 2 more. Plaintiff claims that all RFAs are deemed admitted

since he duplicated service of the requests. He has refused to withdraw this position despite request and explanation.

**Defendant's Discovery to Plaintiff**

Defendant Andrew Smith served interrogatories and requests for production of documents. Defendant deemed the responses to be incomplete. Defendant sent letters detailing why the responses were not complete and why further documents were discoverable.
Defendant commenced the deposition of Ronald Cupp in order to learn the basis for the liability and damage claims. Prior to commencing the deposition, Defendant made attempts to obtain documents and further interrogatory answers. The deposition was terminated to be resumed when plaintiff actually provides documents and complete answers to interrogatories.

To this date, Plaintiff has produced no documents– neither to support the claimed unlawful search or the claimed trespass. No documents have been produced pertaining to the unpermitted construction that resulted in the inspection on February 15, 2019.

1)      Interrogatories
After his deposition, Plaintiff provided a further interrogatory response with general categories of claimed damages. He did not "IDENTIFY", either persons with knowledge or documents supporting these damages. He has not attempted to answer interrogatories limited in scope to the buildings, occupants, use of, and repair/construction on the property he claims he owned, for a limited period of time: January 2015 to the end of February 2019.

2)      Request for Production of Documents, Set One
Plaintiff has provided no documents, photographs, bills, invoices, receipts, or any other type of document to support his claims of liability or damages. He has declared that some documents are "equally available" to Defendant without identifying these documents by category.

3)      Depositions
After meet and confer about discovery responses, and after requesting documents be produced at the deposition, Defendant commenced the deposition of Plaintiff Ronald Cupp. It could not be concluded due to the failure to produce records.

Plaintiff took the deposition of Andrew Smith. In advance of the deposition, plaintiff was informed about an unforeseen appointment that Mr. Smith had in the afternoon. Plaintiff was provided the option to start early, choose another day, or go as far as possible before Mr. Smith needed to leave. Plaintiff chose not to change the start time or date. He was told at the time, and since by letter, that he needs to complete the deposition of the single defendant in this case.


Very truly yours,                                                           Very truly yours,

  /s/ Ronald Cupp
                                                                            /s/ Michael A. King
_____                                                      _____
Ronald Cupp                                                                 Michael A. King