UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONALD CUPP,

    Plaintiff,

    v.

ANDREW SMITH,

    Defendant.

Case No. 20-cv-03456-PJH

**ORDER REGARDING THE PARTIES' DISCOVERY DISPUTES**

Re: Dkt. No. 68

The court is in receipt of plaintiff Ronald Cupp's ("plaintiff") and defendant Andrew Smith's ("defendant") joint letter regarding their discovery disputes. Dkt. 68. In it, the parties raise numerous issues concerning the other's discovery responses. The court will address and resolve each party's contentions in turn.

## I. Plaintiff's Discovery Requests to Defendant

Plaintiff challenges the adequacy of defendant's document production, interrogatory responses, and responses to requests for admission. Id. at 1-3. Plaintiff also asserts that he should not be required to complete defendant's deposition until he has received complete responses to his written discovery requests. Id. at 3. With respect to plaintiff's discovery requests, the court hereby **ORDERS** the following:

- The court understands that plaintiff requests documents concerning all visits to his property. Id. at 4. Plaintiff alleges that defendant unlawfully searched his property on only February 15, 2019. Dkt. 38 (FAC) ¶ 21-27. Plaintiff does not base this claim on any other purported searches. Id. ¶¶ 36-40, 41-45. Given that, the court finds that any purported searches or visits to plaintiff's property by defendant (or other Sonoma County employees) are irrelevant to plaintiff's remaining claims of

unconstitutional search and trespass. Thus, the court concludes that plaintiff is not entitled to any discovery pertaining to any such irrelevant visits.

- The court understands that defendant raises numerous overbreadth objections to plaintiff's requests for production of documents. Dkt. 68 at 1-2. The parties have an obligation to adequately meet and confer to resolve any such objections. The court directs the parties to do so. In particular, defendant must specify why plaintiff's request is overbroad. Plaintiff must then work with defendant in good faith to resolve his overbreadth concern.

- The court understands that defendant is withholding responsive information on privilege grounds. Dkt. 68 at 2. The court directs defendant to provide plaintiff with a privilege log of all such information. That log must generally describe any withheld information.

- The court understands defendant's position that "*almost* all documents pertaining to the 2019 inspection are hard copy records that are scanned into the computer system." Dkt. 68 at 4 (emphasis added). "Almost" does not mean "all." The court concludes that defendant must produce any metadata associated with any responsive document that is in his possession. Such documents include any photograph responsive to plaintiff's discovery requests.

- The court understands plaintiff's position that defendant makes non-specific, boiler plate objections to both requests for interrogatories and requests for admissions. Dkt. 68 at 2-3. The court further understands that defendant offers evasive answers to both such requests. Id. The court understands defendant's position that some of plaintiff's requests for interrogatory responses and requests for admission were "not limited to just the allegations in the February 2019 inspection." Id. at 4. The court still further understands that defendant answered "most" of such questions. Id. The court concludes that defendant must provide complete and responsive answers to *all* relevant questions. The court directs him to do so.

2

- The court understands that plaintiff deposed defendant for five and a half hours on July 22, 2021. Dkt. 68 at 3. Plaintiff is entitled to depose defendant for a total of seven hours. The court concludes that defendant must submit to an additional 90 minutes of deposition. Plaintiff may take defendant's deposition at any point prior to the January 25, 2022 fact discovery cutoff in this action.

## II. Defendant's Discovery Requests to Plaintiff

Defendant challenges the adequacy of plaintiff's document production and interrogatory responses. Dkt. 68 at 5. Defendant also asserts that he should not be required to complete plaintiff's deposition until he has received complete responses to his written discovery requests. Id. With respect to defendant's discovery requests, the court hereby **ORDERS** the following:

- The court understands that plaintiff has failed to produce *any* documents in response to defendant's requests for production of documents. Dkt. 68 at 5. The court directs plaintiff to produce *all* non-privileged, responsive documents in his possession. Because plaintiff has failed to produce any documents, his production pursuant to this order shall precede defendant's further production.

- The court understands that plaintiff has failed to provide complete answers to defendant's requests for interrogatory responses, including with respect to his claimed damages. Dkt. 68 at 5. The court concludes that plaintiff must provide complete and responsive answers to *all* relevant questions. The court directs him to do so.

- The court understands that defendant has not completed plaintiff's deposition. Dkt. 68 at 5. Like plaintiff, defendant is entitled to depose plaintiff for a total of seven hours. Defendant may take plaintiff's deposition at any point prior to the January 25, 2022 fact discovery cutoff in this action.

The court **ORDERS** the parties to comply with each of the above instructions within **30 days** of this order.

**IT IS SO ORDERED.**

3

Dated: September 17, 2021

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge

United States District Court
Northern District of California