UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONALD CUPP,

              Plaintiff,

    v.

ANDREW SMITH,

              Defendant.

Case No.  20-cv-03456-PJH

**FINAL PRETRIAL ORDER**

Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, this final pretrial order is hereby entered and shall control the course of the trial unless modified by a subsequent order.

**I.      Motions in Limine**

    **A.      Plaintiff's Motion in Limine No. 1**

Plaintiff's first motion in limine to exclude any visual depictions of the Arlington Avenue property other than the photographs defendant produced in discovery is DENIED.  However, both parties represented that they did not intend to present photos besides those taken on February 15, 2019, so the motion is moot.  Only the photos of the property taken on February 15, 2019, are admissible.

    **B.      Plaintiff's Motion in Limine No. 2**

Plaintiff's second motion in limine to exclude any evidence or testimony of the condition of the Arlington Avenue property except for the property's condition on February 15, 2019, is GRANTED in part and DENIED in part.  Defendant may introduce evidence of the conditions at the time of ownership reacquisition and the conditions that gave rise

to Smith's inspection on February 15, 2019.

**C.    Plaintiff's Motion in Limine No. 3**

Plaintiff's third motion in limine to exclude evidence or testimony that plaintiff is a "sovereign citizen," or that he is affiliated with the "sovereign citizen movement," is GRANTED except and unless the door is opened through testimony.

**D.    Plaintiff's Motion in Limine No. 4**

Plaintiff's fourth motion in limine to prohibit defendant from presenting expert witness testimony from any witness is GRANTED.  Because neither party disclosed experts in discovery, neither party may introduce expert or opinion testimony.

**E.    Plaintiff's Motion in Limine No. 5**

Plaintiff's fifth motion in limine to exclude evidence of plaintiff's prior criminal history is GRANTED in part and DENIED in part.  Defendant represented that he only intends to introduce evidence of plaintiff's most recent convictions, including his conviction for multiple counts of forgery (People v. Cupp, No. A142895, 2017 WL 4769068 (Cal. Ct. App. Oct. 23, 2017) (unpublished)), and another for possession of marijuana (People v. Cupp, No. A142663, 2018 WL 2998700, (Cal. Ct. App. June 15, 2018) (unpublished)).  The former conviction, for multiple counts of attempting to record a false or forged document (Cal. Pen. Code § 115(a)) and multiple counts of forgery (§ 470(d)), may be introduced for impeachment purposes pursuant to Federal Rule of Evidence 609(a)(2) because the underlying crimes involved proof of "a dishonest act or false statement."  The latter conviction, for possession of marijuana in violation of California Health & Safety Code § 11357(c), may not be introduced for impeachment purposes because the underlying crime was punishable by imprisonment for less than one year and the offense does not bear on plaintiff's character for truthfulness.  See Fed. R. Evid. 609(a)(1).

**F.    Plaintiff's Motion in Limine No. 6**

Plaintiff's sixth motion in limine to exclude evidence that Plaintiff was deemed a "vexatious litigant" by the Alameda County Superior Court in 2015 is GRANTED.  Such

1   evidence will be excluded subject to an evidentiary proffer of its relevance by defendant

2   based on evidence at trial.

3          **G.     Defendant's Motion in Limine No. 1**

4          Defendant's first motion in limine to prohibit plaintiff from introducing evidence or

5   testimony regarding economic damages is GRANTED.  Plaintiff may not proceed on a

6   theory of damages that involves the recovery of his expenses to bring his property into

7   compliance following the County of Sonoma's administrative process regarding building

8   and zoning code violations.  To permit plaintiff to proceed on such a theory would

9   suggest an infirmity in the administrative process and appeal which he lost, an issue that

10  cannot appropriately be presented in this forum.  It would also reward him for engaging in

11  construction without the required permits.  Accordingly and additionally, the testimony of

12  David Harris, plaintiff's proposed witness regarding work done to resolve non-compliance

13  with building and zoning codes at the Arlington Avenue property, is irrelevant.

14         **H.     Defendant's Motion in Limine No. 2**

15         Defendant's second motion in limine to preclude evidence, testimony, or argument

16  related to general damages or emotional distress damages is DENIED.  Both parties

17  acknowledge that these damages are available if an emotional injury has been inflicted

18  by virtue of the constitutional violation.  The court cautions plaintiff that any evidence

19  presented must be tethered to the incursion by defendant onto the property and not to

20  plaintiff's subsequent efforts to bring his property into compliance with County

21  requirements.

22         **I.      Defendant's Motion in Limine No. 3**

23         Defendant's third motion in limine to prohibit testimony or evidence of any expert

24  witness is GRANTED for the same reasons as the court granted plaintiff's fourth motion

25  in limine.

26         **J.      Defendant's Motion in Limine No. 4**

27  Defendant's fourth motion in limine to exclude evidence or argument concerning the fact

28  that the County of Sonoma is paying for the defense of Andrew Smith and potentially

*United States District Court*
*Northern District of California*

3

indemnifying him against any liability is unopposed and is GRANTED.

## II.     Voir Dire

As discussed at the pretrial conference, the parties' joint proposed additional voir dire questions (Dkt. 109) will be incorporated into the court's voir dire.  The court will conduct the voir dire.  After the court's questioning, each side shall have 15 minutes to question the panel, but they may not use that time to argue their case.

The court will empanel seven (7) jurors.  Each side shall have three peremptory challenges.

## III.     Verdict Form

The parties are ordered to meet and confer and file a new proposed joint verdict form no later than March 17, 2023.  As discussed at the pretrial conference, the new proposed verdict form must include factual interrogatories related to 1) the scope of the search/inspection, 2) whether defendant entered the curtilage of the home, 3) whether the structure at issue was at the time being used as a garage or living space, 4) whether defendant reasonably believed that the property was abandoned on the day in question, and 5) whether plaintiff had a reasonable expectation of privacy in the area searched/inspected.

## IV.     Jury Instructions

The parties are also ordered to meet and confer and file a new set of jury instructions no later than March 17, 2023.  The updated instructions should include only the sections designated by the court at the pretrial conference, including the following points of guidance:

1. Instruction 1.5 needs more factual background so that it can be used for voir dire purposes.

2. Instructions 2.11 and 2.12 will not be used given that no interrogatories or requests for admission have been properly designated for use at trial.

3. Instruction 9.3 needs to be revised for greater clarity.  Plaintiff shall also brief whether punitive damages are available against a defendant sued in his official

United States District Court
Northern District of California

1    capacity.

2    4.  Instruction 9.12.1, the special instruction defining curtilage, lacks clarity.  The

3        court plans to use instead the first two paragraphs of plaintiff's proposed jury

4        instruction #1.  Dkt. 126 at 4.  The parties agreed, however, to work further on

5        a joint special instruction regarding curtilage.

6    5.  Instruction 5.1 should be edited to strike irrelevant forms of damages.

7    6.  Instruction 5.2 should be eliminated as redundant.

8    7.  Instruction 5.5 also depends on plaintiff's briefing regarding whether punitive

9        damages are available against a defendant sued in his official capacity.

10   8.  Plaintiff's proposed jury instruction #2 regarding the "knock and talk" rule will be

11       used, but only the first two paragraphs of the proposed instruction.  See Dkt.

12       126 at 6.

13   9.  The court will not use either side's proposed jury instruction #3.

14   10. Plaintiff's proposed jury instruction #4 regarding "plain view" will be used, but

15       only the first paragraph of the proposed instruction.  See Dkt. 126 at 11.

16   11. Plaintiff's proposed jury instruction #5 will not be used.

17   **V.    Stipulated Facts**

18       The parties shall meet and confer about the stipulated facts they intend to provide

19   to the jury.  The parties shall also meet and confer about how the jury will receive those

20   stipulated facts, for example, whether the stipulated facts will be read into the record and

21   provided to the jury as a handout.

22   **VI.   Trial Schedule and Time Limits**

23       The duration of the trial shall be five (5) days commencing Monday, April 3, 2023,

24   from 8:30 a.m. to 1:30 p.m., with two 15-minute breaks each day.  Jury selection will

25   occur on the first day, as will opening statements and as much of the presentation of

26   evidence as possible by 4:00 p.m.  Each side will be allotted 9 hours for the presentation

27   of their case, excluding only jury selection and instructions.

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VII.    Remaining Claims and Defenses**

There remains one cause of action against a single defendant in this case, plaintiff's § 1983 claim for unlawful search in violation of the Fourth Amendment against defendant Andrew Smith.  Defendant's affirmative defenses include (1) qualified immunity, (2) "knock and talk" exception, and the (3) "plain view" exception.  Despite counsel's framing of the "open fields" doctrine as interrelated with the plain view exception, defendant conceded that "open fields" will not be presented to the jury.

**VIII.    Final Comments**

For any given day of trial, parties must disclose a list of witnesses they intend to call by no later than 6:00 p.m. the evening prior.  Neither party may call any witness that does not appear on its witness list except for rebuttal witnesses or witnesses called solely for impeachment purposes.  The parties should be in touch with Courtroom Deputy Kelly Collins regarding courtroom technology needs.  The items required by this order—revised verdict form, revised instructions, stipulation of facts, and plaintiff's briefing on punitive damages, are all due no later than March 17, 2023.  Defendant may respond to plaintiff's brief by March 24, 2023.

**IT IS SO ORDERED.**

Dated: March 10, 2023

*/s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge