1

2

3

4

5

6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

7

8

9

10

11

12

13

RONALD CUPP,

          Plaintiff,

      v.

ANDREW SMITH,

          Defendant.

Case No.  20-cv-03456-PJH

**ORDER DENYING EX PARTE MOTION TO DISMISS**

Re: Dkt. No. 139

14

15

16

17

18

19

20

      Before the court is plaintiff's self-styled ex parte application for an order dismissing the above-captioned case and vacating the April 3, 2023, trial date.  The court has read plaintiff's papers, including the representation that defendant opposes the application, and the court therefore does not wait for defendant to file an opposition brief in light of the short period before trial.  Having carefully considered plaintiff's arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES the application, for the following reasons.

21

22

23

24

25

26

27

28

      Three days prior to the pretrial conference in this case, plaintiff filed a separate complaint against many of the same defendants involved in this case.  Cupp v. County of Sonoma et al., 4:23-cv-01007-JST, Dkt. 1.  The court determined, in response to a judicial referral, that the more recently filed case was not related and that it should not be reassigned.  The court stated in relevant part, "While the court finds that the new case concerns the same property and some of the same parties as Cupp v. Smith, 20-cv-03456-PJH, the new case involves a different set of events and transactions and raises very different legal and factual questions such that it appears unlikely that there will be an

1   unduly burdensome duplication of labor and expense or conflicting results if the cases

2   are conducted by different judges." Dkt. 138.  One day later, plaintiff filed the instant

3   application for voluntary dismissal, reasoning that the legal and factual issues in this case

4   are subsumed within the later-filed Cupp v. County of Sonoma et al.  Dkt. 139.  Plaintiff

5   argues that defendant will not be prejudiced by dismissal because Smith loses no

6   separate legal interest or claim if this case is dismissed—he may present all of his current

7   defenses and arguments in the new case.  Plaintiff also argues that dismissal will

8   promote judicial efficiency.

9          At the outset, some procedural defects warrant discussion.  Plaintiff styles his

10   motion as an ex parte motion yet does not cite a statute, federal rule, local rule, or

11   standing order that permits an ex parte filing as required by Civil Local Rule 7-11.

12   Moreover, plaintiff apparently does not understand that "ex parte" means without notice to

13   the opposing party, as his papers say that he did give notice to the opposing party and

14   the motion is filed on the public docket which automatically notifies the opposing party of

15   a filing.  It appears that what plaintiff is seeking is expedited treatment of his motion and

16   not ex parte consideration.  Plaintiff's motion is thus procedurally defective, but the court

17   considers plaintiff's motion on an expedited basis in light of the upcoming start of trial.

18          This case was initiated by complaint nearly three years ago, on May 21, 2020.

19   Dkt. 1.  The case has been thoroughly litigated through motions practice and discovery,

20   with the court having resolved over four substantive motions.  See, e.g., Dkt. 29 (order

21   denying temporary restraining order following briefing); Dkt. 36 (order granting motion to

22   dismiss and denying motion to disqualify counsel); Dkt. 57 (order granting in part and

23   denying in part motion to dismiss); Dkt. 72 (order regarding the parties' discovery

24   disputes); Dkt. 87 (order granting in part and denying in part defendants' motion for

25   summary judgment).  Through this litigation, the parties and the court have narrowed the

26   legal and factual issues in preparation for trial.

27          The trial date in this case was set on December 16, 2022.  Dkt. 104.  The trial

28   papers were already filed and considered, with the pretrial conference conducted on

United States District Court
Northern District of California

1  March 9, 2023.  Dkt. 127; Dkt. 128.  Defendant has invested substantial effort and

2  expense in preparation for trial.  The court and its staff have invested substantial effort in

3  preparation for trial.  Jurors have been summoned and have already completed

4  questionnaires.  Yet plaintiff's motion is filed a mere four business days before

5  commencement of trial.  Judicial efficiency would not be promoted by dismissing this

6  case to make way for the later-filed Cupp v. County of Sonoma et al., trial for which will

7  undoubtedly take place years in the future.

8         The remaining defendant in this case, Andrew Smith, is entitled to finality as to the

9  fully litigated claim remaining against him.  Therefore, plaintiff's motion to dismiss the

10  case without prejudice and vacate the April 3, 2023, trial date is DENIED.  Any voluntary

11  dismissal must be with prejudice.

12         **IT IS SO ORDERED.**

13  Dated: March 28, 2023

14                                          */s/ Phyllis J. Hamilton*
                                            PHYLLIS J. HAMILTON
15                                          United States District Judge

*United States District Court*
*Northern District of California*